UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| JASUS HUNTSBERRY, | ) | |
| Institutional ID No. 631544, | ) | |
| SID No. 3070582, | ) | |
| Previous TDCJ No. 384647, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | CIVIL ACTION NO. |
| | ) | 5:09-CV-271-BG |
| LT. RAUL RENTERIA, | ) | ECF |
| Correctional Officer of TDCJ ID, | ) | |
| Preston E. Smith Unit, *et al.*, | ) | |
| | ) | |
| Defendant(s). | ) | |

## REPORT and RECOMMENDATION

*Pro se* plaintiff Jasus Huntsberry, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. § 1983. Huntsberry is currently incarcerated by the Texas Department of Criminal Justice ("TDCJ"). In his complaint Huntsberry alleges that Correctional Officers Raul Renteria, Paul Saenz, and Michael Gruver and Nurse Eugina Aslin used excessive force against him in violation of the Eighth Amendment.

The United States District Court transferred this action to the United States Magistrate Judge for further proceedings on January 7, 2010. The transfer order directed the Magistrate Judge to transfer the action back to the docket of the District Court and file proposed findings of fact, conclusions of law, and recommendations for the disposition of the case in the event that the Plaintiff or any of the Defendants did not consent to proceed before the Magistrate Judge.

On April 20, 2010, the Magistrate Judge conducted a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179, 181-82 (5th Cir. 1985), and offered Plaintiff the opportunity to consent to the Magistrate Judge exercising jurisdiction over the case. Plaintiff declined to consent.

The undersigned has disposed of all non-dispositive issues. Pursuant to the Order entered on January 7, 2010, the undersigned files this Report and Recommendation with findings of fact, conclusions of law, and recommendation for the disposition of this case.

## I. HUNTSBERRY'S COMPLAINT AND BACKGROUND INFORMATION

Huntsberry alleges that on August 27, 2009, Nurse Aslin became upset with him because she thought he was in the offender bathroom for too long. Huntsberry asserts that she asked Renteria to "take care" of Huntsberry because she did not like him. Huntsberry contends that at 8:20 a.m. on August 28, 2009, Renteria, Gruver, and Saenz called him to the line building and attacked him.

Huntsberry asserts that Renteria told him that Nurse Aslin told Renteria that Huntsberry took too long in the bathroom. At the *Spears* hearing, Huntsberry added that Nurse Aslin taunted him after he was beaten, saying "I told you I was going to get you." Huntsberry claims that the officers beat him by hitting him and kicking him in the face. At the hearing Huntsberry further described the incident. He testified that he was called to the line building of his cell wing and the officers were looking at a computer screen when he entered the building. He claimed that he put his hands behind his back and asked why he was called to the building and that Renteria struck him and the other two officers began beating him as well. He claimed that the beating lasted approximately ten minutes and that he suffered lasting injuries as a result of the beating. He described his injuries stating that his left eye was swollen and bruised, he had scrapes and bruises on his knees, he was bleeding inside his mouth, and he had a knot on his forehead. He claimed that he can no longer make a fist with his left hand, his left index finger will no longer open and close, and his vision is worse in his left eye.

Huntsberry requests monetary damages from the individual defendants. Although Huntsberry did not name Texas Tech University ("Texas Tech") or the TDCJ as defendants in his complaint, at the *Spears* hearing Huntsberry stated that he wanted to add them as defendants because

2

he is requesting monetary damages from them. In addition to monetary damages, Huntsberry also requests his release from prison and the loss of rank for each correctional officer.

## II. SCREENING

Because Huntsberry was permitted to proceed *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2) which requires dismissal of an action brought *in forma pauperis* if the court determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. *See also* 28 U.S.C. § 1915A (providing for dismissal of prisoner civil rights actions on the same grounds at the preliminary screening stage) and 42 U.S.C. § 1997e(c)(1) (providing for dismissal of prisoner claims brought with respect to prison conditions on the same grounds). In determining whether dismissal is required, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998).

## III. DISCUSSION

### A. Claims Against Texas Tech and TDCJ

In his complaint Huntsberry requested monetary damages from Texas Tech and TDCJ, but he did not list either of them as defendants. At the *Spears* hearing Huntsberry specified that he would like to name Texas Tech and TDCJ as defendants. He stated that the basis for his complaint against both of them is that they should be responsible for employee behavior. "The Eleventh Amendment bars claims against a state brought pursuant to [Section] 1983." *Aguilar v. Texas Dept. Of Criminal Justice*, 160 F.3d 1052, 1054 (5th Cir. 1998). Furthermore, "Section 1983 does not waive the states' sovereign immunity." *Id.* Texas Tech and TDCJ are extensions of the State of Texas and therefore the claims against them are barred by sovereign immunity. *Id.*

B. **Excessive Force Claim**

Under the Eighth Amendment, a correctional officer's use of excessive force against a prisoner may constitute cruel and unusual punishment. *Hudson v. McMillian*, 503 U.S. 1, 4, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992). A prisoner establishes an Eighth amendment violation by showing that the use of force was an "unnecessary and wanton infliction of pain." *Id*. at 5 (quotation omitted). "[W]hether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Id*. at 6 (quotation omitted).

Factors for courts to consider in determining whether the use of force was wanton and unnecessary include the following: (1) the extent of the injury; (2) the need for the application of force; (3) the relationship between the need and the amount of force used; (4) the threat reasonably perceived by the responsible officials; and (5) any efforts made to temper the severity of a forceful response. *Hudson v. McMillian*, 962 F.2d 522, 523 (5th Cir. 1992). A prisoner is not required to show a serious injury, but the injury must be more than *de minimis*. *Hudson*, 503 U.S. at 9-10. The injury required to establish an excessive force claim is "context-dependent and is 'directly related to the amount of force that is constitutionally permissible under the circumstances.'" *Freeman v. Gore*, 483 F.3d 404, 416 (5th Cir. 2007) (quoting *Ikerd v. Blair*, 101 F.3d 430, 435 (5th Cir. 1996)).

1. **Renteria, Saenz, and Gruver**

In regard to the claims Huntsberry asserts against Renteria, Saenz, and Gruver, whether the force they used was excessive depends on their motivation for attacking Huntsberry. The core judicial inquiry in a claim of excessive use of force is whether the force was applied in a good-faith effort to maintain or restore discipline or to cause harm. *Hudson*, 503 U.S.

4

at 7. Huntsberry asserts that the attack against him was unprovoked. He claims that his hands were behind his back and that he did not hit any of the correctional officers prior to them beating him. Huntsberry's allegations, if true, demonstrate that he did not pose a threat to the officers and that there was no reason for the force used and that the use of use of force was therefore wanton and unnecessary. Huntsberry has therefore sufficiently alleged a claim of excessive force against Officers Renteria, Saenz, and Gruver. *See Hudson*, 503 U.S. at 5-6 (discussing the factors relevant to determining whether the use of force was wanton and unnecessary).

### 2. Nurse Aslin

A review of the case law does not reveal a case in which a defendant was sued for excessive force on the theory that the defendant asked another person to assault the plaintiff. Nonetheless, the fact that Nurse Aslin did not strike Huntsberry should not deter the claim: Huntsberry's allegations, if true, demonstrate that Nurse Aslin was causally connected to the incident. *See Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir. 1995) (explaining that "the plaintiff must identify defendants who were either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged").

## C. Request for Release

Huntsberry's request for release should be denied because a writ of habeas corpus is the appropriate federal remedy for a state prisoner challenging the fact of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 484, 93 S.Ct. 1827, 1833, 36 L.Ed.2d 439 (1973). Thus, the court should dismiss Huntsberry's request for release.

## D. Request for Demotion of Renteria, Saenz, and Gruver

A federal court has no authority to order the demotion of a defendant or the termination of his employment. *Jackson v. Martin*, 2009 WL 4728160 at 6 (N.D. Fla. Dec. 2, 2009)

(citing *Gomez v. United States*, 899 F.2d 1124, 1126 (11th Cir. 1990) ("The appropriate Eleventh Circuit relief from prison conditions that violate the Eighth Amendment during legal incarceration is to require the discontinuance of any improper practices, or to require correction of any condition causing cruel and unusual punishment.")). The court should therefore dismiss Huntsberry's request for the demotion of the correctional officers.

## IV.     **RECOMMENDATION**

For the foregoing reasons, Huntsberry's § 1983 claim of excessive force he alleges against Officer Renteria, Officer Saenz, Officer Gruver, and Nurse Aslin should not be dismissed, and the district court should enter an order for service directing those defendants to file an answer or other responsive pleading. Huntsberry's claim for the demotion of Officers Renteria, Saenz, and Gruver should be dismissed and Huntsberry's request for release should be dismissed. Finally, the claims against Texas Tech and TDCJ should be dismissed with prejudice.

## V.     **RIGHT TO OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by

the district court, except upon grounds of plain error. *See Douglass v. United Serv. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    Dated:    September 27, 2010.

                                                                        NANCY M. KOENIG
                                                                        United States Magistrate Judge