IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

JASUS HUNTSBERRY,                              )
Institutional ID No. 631544,                   )
SID No. 3070582,                               )
Previous TDCJ No. 384647,                      )
                                               )
                          Plaintiff,           )
                                               )
V.                                             )          CIVIL ACTION NO.
                                               )          5:09-CV-271-C
LT. RAUL RENTERIA                              )
Correctional Officer of TDCJ ID,               )
Preston E. Smith Unit, *et al.*,               )          ECF
                                               )
                          Defendant(s).        )

## ORDER

Plaintiff, acting *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against

the Defendants, officials and staff at the Preston E. Smith Unit ("Smith Unit") of the Texas

Department of Criminal Justice - Institutional Division ("TDCJ-ID"). Plaintiff alleges that

Defendants Raul Renteria, Paul Saenz, Michael Gruver, and Eugina Aslin used excessive force

against him in violation of the Eighth Amendment.

The complaint was transferred to the docket of the United States Magistrate Judge, who

held a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179, 181-82 (5th Cir. 1985), on

April 20, 2010. Plaintiff did not consent to proceed before the United States Magistrate Judge

during the *Spears* hearing, and pursuant to this Court's Order entered on January 7, 2010, the

Magistrate Judge entered a report and recommendation concerning the Plaintiff's complaints and

transferred the case back to this Court on September 27, 2010. Plaintiff filed his objections to

the Report and Recommendation on October 8, 2010 and October 12, 2010.

At the *Spears* hearing, Plaintiff testified under oath, and that testimony is made a part of Plaintiff's complaint. *See Eason v. Holt*, 73 F.3d 600, 602 (5th Cir. 1996) (testimony from a *Spears* hearing becomes part of the complaint.). This Court has made an independent examination of the record in this case, including the Plaintiff's complaint, his amended complaint, the testimony given by Plaintiff at the *Spears* hearing, and properly authenticated inmate records pertaining to Plaintiff which were provided by the TDCJ-ID pursuant to Court orders. The Court finds that Plaintiff's objections should be overruled and the Magistrate Judge's findings, conclusions, and recommendation conclusions are correct; however, the Court finds that additional discussion is warranted concerning Plaintiff's request for relief in the form of release from confinement. Consequently, the Court will address Plaintiff's request for release below.

In his Partial Objection to the Report and Recommendation, Plaintiff argues that his request for release must be considered by the court in this case, rather than in a writ of habeas corpus, because the disciplinary cases that were written against Plaintiff subsequent to the alleged assault have adversely affected his release date. Plaintiff further asks the Court if a writ of habeas corpus can be considered in conjunction with a § 1983 complaint.

A civil rights complaint filed pursuant to 42 U.S.C. § 1983 is generally used to attack unconstitutional conditions of confinement or prison policies and procedures, while a habeas petition filed pursuant to 28 U.S.C. § 2254 is used to seek an immediate or accelerated release from prison or custody. *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997). *See Calderon v. Ashmus*, 523 U.S. 740, 747 (1998) ("[A]ny claim by a prisoner attacking the validity or duration of his confinement must be brought under the habeas sections of Title 28 of the United States

2

Code."); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (holding that when an inmate challenges

the very fact or duration of his confinement and the relief he seeks is immediate or speedier

release, "his sole federal remedy is a writ of habeas corpus").

Furthermore, to the extent that Plaintiff seeks damages for an allegedly unconstitutional

imprisonment, the Supreme Court of the United States has determined that

> in order to recover damages for allegedly unconstitutional
> conviction or imprisonment, or for other harm caused by actions
> whose unlawfulness would render a conviction or sentence invalid,
> a § 1983 plaintiff must prove that the conviction or sentence has
> been reversed on direct appeal, expunged by executive order,
> declared invalid by a state tribunal authorized to make such
> determination, or called into question by a federal court's issuance
> of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages
> bearing that relationship to a conviction or sentence that has *not*
> been so invalidated is not cognizable under § 1983.

*Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994) (footnote omitted). Thus, any plaintiff "seeking

damages pursuant to § 1983 for unconstitutional imprisonment [who] has not satisfied the

favorable termination requirement of *Heck*" is "barred from any recovery and fails to state a

claim upon which relief may be granted." *Randell v. Johnson,* 227 F.3d 300, 301 (5th Cir. 2000).

*See Wells v. Bonner,* 45 F.3d 90, 94 (5th Cir. 1995) (holding that a § 1983 claim does not accrue

until the *Heck* conditions have been satisfied). Moreover, *Heck* is applicable to 42 U.S.C. § 1983

claims that challenge revocation proceedings. *See Littles v. Bd. of Pardons and Paroles Div.,* 68

F.3d 122, 123 (5th Cir. 1995); *McGrew v. Texas Bd. of Pardons and Paroles,* 47 F.3d 158, 161

(5th Cir.1995).

Plaintiff admits that he is challenging the duration of his confinement, which, he alleges,

was prolonged as a result of the disciplinary proceedings stemming from the alleged assault by

Defendants. Although he seeks damages for the assault incident (a challenge to the conditions of his confinement), his request for release is clearly a challenge the duration of his confinement, and Plaintiff has not shown that he has satisfied the favorable termination requirement of *Heck*. Consequently, the Court finds that, to the extent Plaintiff seeks compensatory damages stemming from the improper duration of his confinement, Plaintiff has failed to state a cognizable claim under § 1983. Consequently, to the extent Plaintiff's request for release from confinement can be construed as a claim challenging the fact or duration of his confinement, such claim should be DISMISSED as frivolous with prejudice to its being asserted again until the *Heck* conditions are met.

In conclusion, the Court finds that Plaintiff's objections should be OVERRULED and the Magistrate Judge's findings and conclusions ADOPTED as modified above.

It is, therefore, ORDERED:

(1)    Plaintiff's challenge to the fact of his confinement and request for release from custody should be DISMISSED as frivolous with prejudice to their being asserted again until the *Heck* conditions are met.

(2)    Plaintiff's claims against Texas Tech and the Texas Department of Criminal Justice are DISMISSED WITH PREJUDICE.

(3)    Within thirty (30) days from the date the Law Enforcement Defense Division of the Texas Attorney General's Office receives this Order, Defendants Raul Renteria, Paul Saenz, and Michael Gruver shall file a written answer or response to Plaintiff's claims that they used excessive force against Plaintiff on August 28, 2009, and Defendant Eugina Aslin shall file a

4

written answer or response to Plaintiff's allegations that she was causally connected to the excessive use of force by Defendants Renteria, Saenz, and Gruver.

(5) The Clerk shall mail a copy of Plaintiff's Civil Rights Complaint filed December 23, 2009, and the Report and Recommendation of the United States Magistrate Judge entered September 27, 2010, along with a copy of this Order, to Docketing, Law Enforcement Defense Division, Office of the Attorney General, P.O. Box 12548, Capitol Station, Austin, Texas 78711 by certified mail, return receipt requested.

(4) Any pending motions are denied.

Judgment pursuant to Rule 54(b), Federal Rules of Civil Procedure, shall be entered accordingly.

Dated May 25, 2011.

SAM R. CUMMINGS
United States District Judge